**UNITED STATES OF AMERICA**
**DISTRICT COURT OF MASSACHUSETTS**

_____
                                                                )
**OCEAN STATE OUTFITTERS, LLC,**     )
**JEREMIAH BROOKS,**                          )
    **Plaintiffs**                                       )
                                                                )      **CIVIL ACTION NO.:**
        **v**                                             )
                                                                )      _____
**RUBEN PEREZ,**                                  )
    **Defendant.**                                   )
_____)

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COME NOW, Plaintiffs Ocean State Outfitters, LLC ("OSO") and Jeremiah Brooks ("Brooks") (collectively "Plaintiffs") and bring this Complaint and Demand for Trial by Jury against Defendant Ruben Perez ("Defendant"). In Support of such Complaint, Plaintiffs state and allege as follows:

### PARTIES

1. Plaintiff Ocean State Outfitters, LLC ("OSO") is duly organized Delaware limited liability company, with a principal office located at 400 North Main Street, Raynham, Massachusetts. It is a single member limited liability company, whose single member is Jeremiah Brooks. Mr. Brooks owns the mark www.oceanstateoutfitters.com and has assigned such rights to Plaintiff.

2. Plaintiff Jeremiah Brooks is an individual and resident on Massachusetts, which a principal residence located at 400 North Main Street, Raynham, Massachusetts.

3. Upon information and belief, Defendant Ruben Perez is a Massachusetts resident, residing within Rehoboth, Massachusetts, with a principal residence located at 45 Reed Street,

Rehoboth, Massachusetts. Defendant is the owner of the domain www.oceanstateoutfitter.com.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338(a) and (b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Parties are located within this district, and a substantial part of the event or missions giving rise to the claims asserted in this Complaint occurred within this district.

## FACTS

### The Distinctive Mark

6. Since 2004, Mr. Brooks began using the name "Ocean State Outfitters" in trade and commerce. Mr. Brooks also purchased the domain www.oceanstateoutfitters.com on January 27, 2009 and utilized the domain for a website for trade and commerce. Mr. Brooks later incorporated Ocean State Outfitters on January 8, 2010. OSO, via Jeremiah Brooks, holds a federal registration for the mark www.oceanstateoutfitters.com ("Mark"), and utilizes the Internet in order to provide information and reach potential customers for the services OSO provides for hunting and fishing guide services throughout New England. Plaintiffs have and continuously use the Mark in commerce. (See Exhibit A).

7. Plaintiffs' mark is registered with the United States Patent and Trademark Office and was done so on July 1, 2013, with registration number 4494253 ("Registration"). This Mark is valid, subsisting and in full force and effect. (See Exhibit B).

8. Plaintiffs began advertising their services in commerce through the internet, namely through the website located at www.oceanstateoutfitters.com since January 27, 2009.

9. Under §33(a) of the Lanham Act (15 U.S.C. § 1115(a)), Plaintiffs' registration constitutes *prima facie* evidence of the validity of the registered mark and Plaintiffs' exclusive use of the registered mark in commerce.

10. Pursuant to 15 U.S.C. §1065, Plaintiffs' rights to the Mark incontestable under federal trademark law.

## Defendant has Infringed the Mark

11. Upon information and belief, Defendant Ruben Perez also offers hunting and guide services in Massachusetts, according to Defendant's various websites.

12. Upon learning of Plaintiffs' business, Defendant purchased the domain name www.oceanstateoutfitter.com in or around May 2010. Since the commencement of this cybersquatting, Defendant has engaged in a variety of malicious and knowing trade practices, resulting in damage to Plaintiffs.

13. After Plaintiffs became aware of the infringing behavior, Plaintiffs sent notice to Defendant of such unlawful activities.

14. As of Defendant's most recent knowingly unfair and deceptive infringement activities include the forwarding of his website www.oceanstateoutfitter.com to an all-male strip club located in Rhode Island. Plaintiff became aware of such forwarding when Jeremiah Brooks' young children went to look at their father's website and forgot to include the "s" at the end of outfitters. (See Exhibit C).

15. Mr. Brooks and his child have suffered emotional distress, embarrassment, and emotional trauma from Defendant's past and current harassment.

16. Defendant's infringement is willful.

17. Unless enjoined by the Court, Defendant will continue to use his infringing marks and to unlawfully affect the goodwill of Plaintiffs and Plaintiffs' Mark.

18. As a result of Defendant's conduct, Plaintiffs have suffered irreparable harm for which it has no adequate remedy at law.

**Defendant's Unfair and Deceptive Trade Practices**

19. Defendant has continuously, purposefully, and knowingly engaged in unfair, deceptive, and harassing trade practices since Plaintiffs began business activities.

20. Upon information and belief, Defendant uses every opportunity to defame Plaintiffs; publish false statements about Plaintiffs' business and Mr. Brooks' personal matters; and purposefully and knowingly interfere with Plaintiffs' business endeavors.

21. In or around December 2015, upon information and belief, Defendant employed certain individuals to harass, annoy, and interfere with Plaintiffs while Plaintiffs were engaged in legal hunting and fishing activities being filmed for national television. Defendant's agents' activities were so heinous and unsafe that Defendant's agent were cited by the authorities for their actions and informed such authorities that those agents were acting at the request of Defendant.

22. Plaintiffs have been informed by numerous customers that when such customers used Defendant's services, Defendant published false, misleading, and detrimental statements about Plaintiffs.

23. Defendant spends so much time publishing defamatory statements about Plaintiffs that Plaintiffs are questioned by local Fish and Game Wardens as to why Defendant has a vendetta against Plaintiffs.

24. Defendant has also made false reports to Plaintiffs' town officials claiming that Plaintiffs serve alcohol without a license and should be investigated.

25. Defendant has rerouted and forwarded his infringing website to an all-male strip club's website, for the clear purpose of harming and damaging Plaintiffs.

## COUNT I

## VIOLATION OF THE LANHAM ACT

26. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1-25 as if fully set forth herein.

27. Jeremiah Brooks owns the Registration and has given permission to OSO to utilize the Mark. This Registration is duly issued by the United States Patent and Trademark Office and is valid, subsisting, and enforceable.

28. Defendant's use of his website [www.oceanstateoutfitter.com](www.oceanstateoutfitter.com) has caused and, unless enjoined, will continue to cause confusion, mistake and/or deception as to the source, affiliation, connection or association of Defendant's services or those sites which Defendant forwards [www.oceanstateoutfitter.com](www.oceanstateoutfitter.com) to (which is currently an all-male strip club) with those services provided by Plaintiffs, namely not all-male nude dancing.  Defendant's conduct is causing Plaintiffs irreparable injury and is unjustly enriching the Defendant in violation of 15 U.S.C. § 1114.

29. Defendant's actions constitute infringement of the Registration and Plaintiff's Mark.

30. Defendant's infringement is willful.

31. Unless enjoined by this Court, Defendant will continue to use his infringing mark and to unlawfully damage the goodwill associate with Plaintiffs' Mark.

32. As a result of Defendant's conduct, Plaintiffs have suffered irreparable harm for which it has no adequate remedy at law.

## COUNT II

## VIOLATION OF THE LANHAM ACT: UNFAIR COMPETITION

33. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1-32 as if fully set forth herein.

34. Jeremiah Brooks owns the Registration and the distinctive Mark its covers, which registration was duly issued by the United States Patent and Trademark Office, and is subsisting, valid and enforceable.  Mr. Brooks has given permission to his limited liability company, OSO, to utilize the Mark.

35. Defendant has used and is deliberately using, in willful violation of 15 U.S.C. § 1125(a), a name and designation of origin that is likely to cause confusion, mistake, or deception as to its affiliation or association with Plaintiffs.

36. Unless enjoined by this Court, Defendant will continue to use its infringing mark to misappropriate the goodwill associated with Plaintiffs' Mark.

37. As a result of Defendant's actions, Plaintiffs have suffered irreparable harm for which it has no adequate remedy at law.

## COUNT III

## VIOLATIONS OF MASS. GEN. LAWS c. 93A

38. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1-37 as if fully set forth herein.

39. Plaintiffs are engaged in the conduct of trade and commerce.

40. Defendant is engaged in the conduct of trade and commerce.

41. Defendant has engaged in unfair, deceptive, and unlawful acts and unfair methods of competition in violation of M.G.L. c. 93A §§ 2 and 11 by, but not limited to, infringing Plaintiffs' Mark.

42. Plaintiffs have suffered losses of money and goodwill as a result of Defendant's knowing and wrongful conduct.

43. Defendant has willfully and knowingly engaged in these unfair methods of competition and these unfair, deceptive, and unlawful acts and practices.

44. Plaintiffs are entitles to immediate equitable relief, including an order enjoining Defendant from infringing Plaintiffs' Mark, as well award of actual damages, multiple damages, attorney's fees, and costs.

## COUNT IV

### INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

45. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1-44 as if fully set forth herein.

46. Defendant has and continues to knowingly interfere with business relations through the defamatory statements, rerouting and forwarding of the infringing website, engaging agents to harass and annoy Plaintiff, and making false claims against Plaintiffs.

47. Plaintiffs have and continued to be damaged by the actions of Defendants which are completely unwarranted, unjustified, and completely malicious in nature.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1-47 as if fully set forth herein.

49. Defendant's actions have and continue to cause emotional distress upon Mr. Brooks. Defendant has utilized his infringing website to redirect traffic to a strip club's website.

50. Mr. Brooks' children have inadvertently visited the strip club website when they were intending to visit their father's website.

51. Mr. Brooks' has had to defend himself against purposeful harassment, false claims, and defamatory statements due entirely to Defendant's knowing and purposeful actions.

52. Due to Defendant's actions, Mr. Brooks has and continues to be damaged.

## COUNT VI

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

53. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1-52 as if fully set forth herein.

54. Defendant's actions have and continue to cause emotional distress upon Mr. Brooks. Defendant has utilized his infringing website to redirect traffic to a strip club's website.

55. Mr. Brooks' children have inadvertently visited the strip club website when they were intending to visit their father's website.

56. Mr. Brooks' has had to defend himself against purposeful harassment, false claims, and defamatory statements due entirely to Defendant's knowing and purposeful actions.

57. Due to Defendant's actions, Mr. Brooks has and continues to be damaged.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs hereby requests of this Honorable Court the following:

1. Enter judgment in favor of Plaintiffs and against Defendant on all counts, in an amount to be determined at trial;

2. Enter an order preliminarily and permanently enjoining and restraining Defendant, his agents, servants, employees, successors, assigns, affiliates, attorneys and all persons in active concert and/or participation with him, from the following:

    a. Infringing Plaintiffs' Mark;

    b. Using any confusingly similar mark, device, name, or colorable imitation of Plaintiffs' Mark, to promote, market, advertise, or sell Defendant's services and products; to deceived or misrepresent Plaintiffs' Mark; or to conduct Defendant's business in such as a way as to mislead or confuse anyone as to the source, affiliation or sponsorship of such business;

    c. Otherwise infringing or diluting the distinctive quality of Plaintiffs' Mark;

    d. Injuring Plaintiffs' business reputation and the goodwill associated with its Mark, and from otherwise unfairly competing, directly or indirectly, with Plaintiffs, Plaintiffs' affiliates or subsidiaries; and

    e. Causing a likelihood of confusion or misunderstanding as to the source, sponsorship, association, affiliation or approval of Plaintiffs, or engaging in conduct tending to create a false commercial impression of Defendant's services, or any other conduct that tends to pass off Defendant's services as those of Plaintiffs or create a likelihood of confusion or misunderstanding or false representation.

3. Order Defendant to file in Court and to serve upon Plaintiffs, within thirty (30) days after entry of the above injunction, an express averment, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

4. Order Defendant to transfer the domain name of www.oceanstateoutfitter.com to Plaintiffs;

5. Award to Plaintiffs actual damages they has suffered; the monies Defendant received, profits made, and advantages gained from its infringement of Plaintiffs' Mark, and/or from the acts of unfair or deceptive practices, competition and other unlawful acts; and any such damages as this Court shall deem just and proper within the provisions of the Lanham Act and Massachusetts laws;

6. Award treble damages to Plaintiffs due to Defendant's willful, knowing, and purposeful violations of M.G.L. c. 93A;

7. Award to Plaintiffs attorney's fees, costs, and interest; and

8. Award to Plaintiffs any and all other relief deemed just and right.

**PLAINTIFFS HEREBY DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,
Ocean State Outfitters, LLC and
Jeremiah Brooks
By and through their attorney,

/s/: Ashley Forest
Ashley D. Forest, BBO# 668187
LAW OFFICE OF ASHLEY D. FOREST
800 Boylston Street, 16th Floor
Boston, MA 02199
(857)453-6539/ (857) 453-6501(f)
forest@ashleyforestlaw.com